**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| James Henry, | : |
| | : |
| | : Case No. 2:20-cv-3292 |
| Plaintiff, | : |
| | : Judge |
| v. | : |
| | : Magistrate Judge |
| Smyth Automotive, Inc. | : |
| c/o Corporation Statutory Services, Inc. | : **JURY DEMAND ENDORSED HEREON** |
| 255 E. Fifth Street, Ste. 2400 | : |
| Cincinnati, Ohio 45202 | : |
| | : |
| Defendant. | : |

**COMPLAINT**

NOW COMES Plaintiff James Henry ("Plaintiff" or "Plaintiff Henry") for his complaint against Defendant Smyth Automotive, Inc. ("Defendant" or "Smyth Automotive") hereby states as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq*.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

3. This Court has personal jurisdiction over Smyth Automotive because the cause of action arose within this District as a result of Smyth Automotive's conduct within this District.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio and

Defendant has done substantial business in the Southern District of Ohio and has its headquarters in the Southern District of Ohio.[1]

## II. NATURE OF THIS ACTION

5. This lawsuit seeks to recover overtime compensation for Plaintiff who worked as an "independent contractor" and was paid hourly but no overtime from three years preceding the filing of the Original Complaint and through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, pursuant to Ohio's Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the OMFWSA and the OPPA will be referred to collectively as the "Ohio Acts").

6. Smyth Automotive improperly classified Plaintiff as an independent contractor when he should have been properly classified as an employee of Smyth Automotive.

7. Smyth Automotive improperly classified Plaintiff as an independent contractor by contracting with a third-party administrator and/or referral agency, Subcontracting Concepts LLC ("SCI"), which provides Smyth Automotive with workers.

8. Despite Smyth Automotive's misclassification of Plaintiff as an independent contractor and Smyth Automotive's use of SCI to provide workers such as the Plaintiff, Plaintiff

---

[1] Defendant previously alleged that Plaintiff executed an arbitration agreement that governs the claims at issue in this suit. Plaintiff therefore filed a demand for arbitration with the American Arbitration Association ("AAA") on or around March 3, 2020. On March 6, 2020, the AAA asked that the arbitration agreement allegedly signed by Plaintiff be provided by March 13, 2020. Plaintiff requested Defendant provide any arbitration agreement allegedly in existence so the AAA matter could proceed. Defendant indicated on March 15, 2020 that the agreement would be provided. The AAA followed up on March 17, 2020 and provided a March 24, 2020 deadline to comply. Defendant failed to produce any arbitration agreement by that deadline, and the AAA therefore administratively closed the matter on March 31, 2020. Accordingly, Plaintiff submits either no arbitration agreement exists, or alternatively Defendant has waived and/or is estopped by asserting the claims here are subject to arbitration.

should have been classified by Smyth Automotive as a direct employee of Smyth Automotive and paid as an employee, not an independent contractor.

9. Plaintiff routinely works (and worked) in excess of forty (40) hours per workweek but was not paid overtime of at least one and one-half his regular rate for all hours worked in excess of forty (40) hours per workweek.

10. The decision by Smyth Automotive not to classify Plaintiff as an employee and to pay him overtime compensation was neither reasonable nor in good faith.

11. Smyth Automotive knowingly and deliberately failed to compensate Plaintiff overtime wages of at least one and one-half his regular rate for all hours worked in excess of forty (40) hours per workweek due to its misclassification of Plaintiff.

12. Plaintiff did not and currently does not perform exempt work under the FLSA or the Ohio Acts.

13. Plaintiff therefore seeks to recover all unpaid overtime and other damages owed under the FLSA and to recover all unpaid overtime and other damages owed under the Ohio Acts.

## III. PARTIES

### a. *Plaintiff Henry*

14. Plaintiff Henry worked for Smyth Automotive within the meaning of the FLSA and the Ohio Acts within this judicial district and within the relevant three-year period. Plaintiff Johnson did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek

15. Plaintiff started working for Defendant as a delivery driver in approximately September of 2015 and continues to work for Defendant as of the date of filing this Complaint. During this time, Plaintiff exclusively worked for Smyth Automotive as a delivery driver.

16. Upon his arrival and departure, Plaintiff clocked in and out each day at Smyth Automotive and exclusively delivered for Smyth Automotive throughout each workweek.

17. Plaintiff was paid $11.78 per hour worked for Smyth Automotive by SCI as a result of Smyth Automotive's misclassification of Plaintiff as an independent contractor and/or its use of SCI as a third party administrator and/or referral agency to misclassify Plaintiff and other delivery drivers as independent contractors for Smyth Automotive.

18. Although it is well-known that workers like Plaintiff were not exempt from overtime, Smyth Automotive did not pay Plaintiff the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

19. Plaintiff's primary job duties included: traveling to and from various automotive parts shops, dropping off Smyth Automotive bank deposits, labeling Smyth Automotive core parts, putting away automotive parts and supplies in designated areas of Smyth Automotive warehouses as directed by Smyth Automotive, delivering cleaning supplies and toiletries to Smyth Automotive warehouses, picking up and delivering/exchanging Smyth Automotive parts and supplies to other Smyth Automotive locations throughout Ohio, and filling out Smyth Automotive daily driver sheets.

20. Upon information and belief, Plaintiff conducted his day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans created by Smyth Automotive and/or its clients.

21. Upon further information and belief, Plaintiff's daily and weekly activities were routine and largely governed by standardized plans, and procedures created by Smyth Automotive and/or its clients.

22. Virtually every job function and delivery was predetermined by Smyth Automotive and/or its clients.

23. Plaintiff was prohibited from varying their job duties outside of the predetermined parameters.

24. Moreover, Plaintiff's job functions were primarily routine and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

25. Plaintiff's duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

26. Plaintiff did not (and currently does not) have the authority to hire or fire other employees, and he was not (and currently is not) responsible for making hiring or firing recommendations.

27. Moreover, Plaintiff did not (and currently does not) supervise two or more employees.

28. Plaintiff's duties did not (and currently do not) concern work directly related to the management or general business operations of Smyth Automotive or its customers.

29. Smyth Automotive determined the hours Plaintiff worked.

30. Smyth Automotive set Plaintiff's pay and controlled the number of hours he worked.

31. Smyth Automotive set all employment-related policies applicable to Plaintiff.

32. Smyth Automotive maintained control over pricing and marketing.

33. Smyth Automotive owned and/or controlled the equipment and supplies that Plaintiff used to perform their work.

34. Smyth Automotive required Plaintiff to clock in and out at Smyth Automotive at the beginning and ends of his work shifts and paid him by the hour for the work he performed for Smyth Automotive.

35. Smyth Automotive had the power to hire and fire Plaintiff.

36. Smyth Automotive demanded Plaintiff wear Smyth Automotive clothing while working for Smyth Automotive.

37. Smyth Automotive made all personnel and payroll decisions with respect to Plaintiff, including but not limited to, the decision to pay Plaintiff an hourly wage with no overtime pay.

38. Plaintiff did not employ his own workers.

39. Plaintiff worked continuously for Smyth Automotive on a permanent full-time basis.

40. Smyth Automotive, instead of Plaintiff, made the large capital investments in vehicles, buildings, equipment, tools, and supplies. Moreover, Smyth Automotive paid operating expenses like rent, payroll, marketing, insurance, and bills.

41. Plaintiff relied on Smyth Automotive for his work. Plaintiff did not market any business or services of his own.

42. Instead, Plaintiff worked the hours assigned by Smyth Automotive, performed duties assigned by Smyth Automotive, worked on projects assigned by Smyth Automotive, and worked for the benefit of Smyth Automotive field and its customers.

43. Smyth Automotive paid Plaintiff on a weekly basis. Plaintiff did not earn a profit based on any business investment of their own. Rather, Plaintiff's only earning opportunity was based on the **number of hours** he was allowed to work, which was controlled by Smyth Automotive and/or its customers.

44. Smyth Automotive improperly classified Plaintiff as an independent contractor. The classification was improper because Plaintiff was not in business for himself. Instead, he was economically dependent upon Smyth Automotive for his work.

45. The FLSA and the Ohio Acts mandate that overtime be paid at one and one-half times an employee's regular rate of pay.

46. Under the Ohio Acts overtime shall be paid in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the FLSA. O.R.C. § 4111.03(A).

47. Smyth Automotive denied Plaintiff overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff regularly worked in excess of forty (40) hours per week but never received overtime compensation.

48. Smyth Automotive applied this pay practice despite clear and controlling law that states that the routine delivery duties which were performed by Plaintiff exclusively for Smyth Automotive's benefit consisted of ***non-exempt*** work.

49. Accordingly, Smyth Automotive's pay policies and practices blatantly violated (and continue to violate) the FLSA and the Ohio Acts.

### b. Defendant Smyth Automotive, Inc.

50. Defendant Smyth Automotive is a domestic for-profit corporation, doing business in Ohio, and may be served through its registered agent for service of process: Corporate Statutory Services, Inc., 255 E. Fifth Street, Ste. 2400, Cincinnati, Ohio 45202.

51. Defendant is and has at all relevant times been Plaintiff's "employer" as that term is defined by the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a, doing business in the Southern District of Ohio.

52. Defendant conducts substantial business in the Southern District of Ohio and has its headquarters in the Southern District of Ohio.

53. At all times relevant herein, Plaintiff was an employee of Defendant as defined in the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

54. At all times relevant to this action, Defendant has been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

55. Upon information and belief, Defendant's employees were engaged in interstate commerce and Defendant has annual gross volume sales and/or business in an amount not less than $500,000.00.

56. During relevant times, Defendant suffered and permitted Plaintiff to work more than forty (40) hours per workweek, while not compensating him for all such hours worked over forty (40) at a rate of at least one and one-half times his regular rate of pay.

57. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio, as well as record keeping laws of the State of Ohio.

58. During relevant times, Defendant had knowledge of and acted willfully in regard to its conduct described herein.

59. Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FLSA –UNPAID OVERTIME

60. All of the preceding paragraphs are realleged as if fully rewritten herein.

61. Defendant has violated the FLSA as described in this Complaint.

62. At all relevant times, Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

63. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

64. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

65. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

66. At all relevant times, the job duties of Plaintiff primarily consisted of non-exempt duties.

67. Defendant has failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA because he was misclassified as an independent contractor.

68. Plaintiff routinely worked in excess of forty (40) hours per week.

69. Plaintiff should have been paid the overtime premium for hours worked in excess of forty (40) hours per week but was not.

70. Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendant has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

71. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

72. As a Defendant's willful violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

73. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**R.C. 4111.03 – UNPAID OVERTIME**

74. All of the preceding paragraphs are realleged as if fully rewritten herein

75. This claim is brought under Ohio Law.

76. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek.  See O.R.C. §§ 4111 et seq., See also, 29 U.S.C §206(b)

77. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938.  See O.R. C. § 4111.03 (A), See also, 29 U.S.C. § 207 (a)(1).

78. Plaintiff was a covered employee entitled to the Ohio Wage Act's protections

79. Plaintiff was not exempt from receiving Ohio Wage Act overtime benefits because Plaintiff was not an exempt "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA. See O.R.C. 4111.03(A), See also 29 C.F.R. §§ 541.0, et seq.

80. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, Plaintiff was not a "learned professional" employee, as that term is defined under the FLSA. *See* 29 CFR §541.301.

81. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, Plaintiff was an employee, and not an "independent contractor".

82. Defendant is a covered employer required to comply with the Ohio Wage Act's mandates.

83. Defendant violated the Ohio Wage Act with respect to Plaintiff by failing to compensate him at the rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

84. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

85. For Defendant's violations of the Ohio Wage Act, Plaintiff has suffered damages. Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## THIRD CAUSE OF ACTION
## R.C. 4113.15 —OPPA VIOLATION

86. All of the preceding paragraphs are realleged as if fully rewritten herein.

87. During relevant times, Defendant was covered by the OPPA and Plaintiff was employed by Defendant within the meaning of the OPPA.

88. The OPPA requires Defendant to pay Plaintiff all wages, including unpaid overtime, on or before the first day of each month, for wages earned by him during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by him during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

89. During relevant times, Plaintiff was not paid all wages, including overtime wages at one and one-half times his regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

90. Plaintiff's unpaid wages remain unpaid for more than thirty (30) days beyond his regularly scheduled payday.

91. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law, and its actions entitle Plaintiff to liquidated damages in the amount of six percent of the amount of the unpaid overtime compensation owed or two hundred dollars, whichever is greater.

## VI.     PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff requests judgment against the Defendant for an Order:

A.     Awarding Plaintiff unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

B.     Awarding Plaintiff unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

C.     Awarding Plaintiff costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

D. Awarding Plaintiff such other and further relief as the Court deems just and proper;

E. Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

F. Granting Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

G. Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
1550 Old Henderson Rd.
Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

**CONTRERAS LAW, LLC**

*/s/ Peter Contreras*
Peter Contreras (0087530)
1550 Old Henderson Rd.
Suite 126
Columbus, Ohio 43220
Phone: 614-787-4878
Fax: 614-957-7515
Email: peter.contreras@contrerasfirm.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman